CHIEF JUSTICE McGRATH
concurs.
¶54 While I concur with the decision of the Court, I write separately only to emphasize the serious nature of what I believe to be the prosecutor’s misconduct. I concur that, given the overwhelming evidence in this case, the comments did not prejudice the Criswells’ rights to a fair and impartial trial. Jurors, in my experience, tend to come to court grounded in common sense and good judgment and can generally overlook the attorneys’ peculiarities or illogical missteps. Considering the District Court’s careful review of the prosecutor’s comments and the instructions that the court gave to the jury, there is little question that the proceedings were conducted fairly. The fact that we affirm the Criswells’ convictions, however, does not mean that *527 we condone or tolerate the prosecutor’s improper remarks.
¶55 WTiile not designed to be used as criteria for judicial evaluation of misconduct, the ABA Standards for Criminal Justice do provide an appropriate benchmark for professional conduct. Regarding the prosecution, Standard 3-5.8(c) provides that “[t]he prosecutor should not make arguments calculated to appeal to the prejudices of the jury.” ABA Standards for Criminal Justice, Prosecution Function and Defense Function, Standard 3-5.8(c), 106 (3d ed. 1993). The comments further explain:
Unfortunately, some prosecutors have permitted an excess of zeal for conviction or a fancy for exaggerated rhetoric to carry them beyond the permissible limits of argument. [See e.g. Berger v. United States, 295 U.S. 78 (1935).] Of course, a prosecutor must be free to present arguments with logical force and vigor. Nonetheless, as the Supreme Court has remarked, “while he may strike hard blows, he is not at liberty to strike foul ones.” [Berger, 295 U.S. at 88.]
Remarks calculated to evoke bias or prejudice should never be made in a court by anyone, especially the prosecutor. Where the jury’s predisposition against some particular segment of society is exploited to stigmatize the accused or the accused’s witnesses, such argument clearly trespasses the bounds of reasonable inference or fair comment on the evidence....
ABA Standards at 107-08.
¶56 The United States Supreme Court recently rejected a petition for certiorari in a case where the prosecutor made similar appeals to prejudices.[1] Although the Court denied the petition, Justice Sotomayor issued a statement that was joined by Justice Breyer to ensure that the Court’s denial of the petition did not signal tolerance of the prosecutor’s improper remarks. In the statement, Justice Sotomayor quoted Judge Frank of the Second Circuit Court of Appeals: “If government counsel in a criminal suit is allowed to inflame the jurors by irrelevantly arousing their deepest prejudices, the jury may become in his hands a lethal weapon directed against defendants who may be innocent. He should not be permitted to summon that thirteenth juror, *528 prejudice.” Calhoun, 133 S. Ct. at 1137 (quoting United States v. Antonelli Fireworks Co., 155 F.2d 631, 659 (2d Cir. 1946) (J. Frank dissenting) (footnote omitted)). Justice Sotomayor, a former prosecutor, further remarked, “[s]uch conduct diminishes the dignity of our criminal justice system and undermines respect for the rule of law. We expect the Government to seek justice, not to fan the flames of fear and prejudice.” Calhoun, 133 S. Ct. at 1138.
¶57 In his explanation to the District Court, the prosecutor maintained that his remarks had not been intended to inflame the jury or to comment on the Criswells’ characters. See Opinion, ¶ 45. Personally, I find that hard to believe. If not intended to inflame the jury or comment on the Criswells’ characters, then what were they intended to do? A prosecutor is an officer of the court. Prosecutors must strive to promote justice and the rule of law. By making these improper comments to the jury, the prosecutor undermined the respect for the criminal justice system. Although the prosecutor’s comments were not grounds for a mistrial in this case, it must be emphasized that this type of conduct is not to be tolerated.

 While questioning the defendant, who is African-American, the prosecutor asked, “You’ve got African-Americans, you’ve got Hispanics, you’ve got a bag full of money. Does that tell you-a light bulb doesn’t go off in you head an say, This is a drug deal?” Calhoun v. United States, 133 S.Ct. 1136, 1136 (2013).